# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDY RICHARDS and SHUNTIA SMITH, INDIVIDUALLY AND AS A REPRESENTATIVE OF MINOR CHILDREN KD and KEYD | CIVIL ACTION NO. 25-861 |
| | JUDGE |
| VERSUS | |
| | MAGISTRATE JUDGE |
| AMAZON.COM SALES, INC AND AMAZON.COM SERVICES, LLC | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Amazon.com Sales, Inc. and Amazon.com Services LLC (collectively "Amazon"), hereby remove the state court action entitled "*Randy Richards and Shuntia Smith, Individually and as a Representative of Minor Children KD and KEYD*," bearing Docket No. C-767144 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana under 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

## I.    INTRODUCTION

1.    Plaintiffs allege that they suffered damages from a defective lithium battery in an electric bicycle that Plaintiff Randy Richards allegedly purchased on Amazon.com. *See* Petition at ¶¶ 8–28.

2.    Plaintiffs filed their Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Docket No. C-767144. Plaintiffs served Amazon with the Petition on August 27, 2025. True and accurate copies of the Plaintiffs' Petition, together

1

with all other materials contained in the state court record, are attached and incorporated hereto as Exhibit A, as required by 28 U.S.C. §§ 1446(a) and 1447(b).

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3.    This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiffs filed this action initially in federal court.  There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists

4.    Plaintiffs are citizens of Louisiana.  *See* Petition at ¶¶ 1–2.

5.    All named defendants are corporate entities.  The citizenship of the named defendants is as follows:

    a.    Defendant Amazon.com Sales, Inc. is a corporation.  For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Amazon.com Sales, Inc. is incorporated under the laws of Delaware, and its principal place of business is located in Seattle, Washington.  Amazon.com Sales, Inc. is therefore a citizen of Delaware and Washington for diversity jurisdiction purposes.

    b.    Defendant Amazon.com Services LLC is a limited liability company.  For purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of all of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008).  The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a corporation

2

that is incorporated in Delaware and maintains its principal place of business in Seattle, Washington. Amazon.com Services LLC is therefore a citizen of Delaware and Washington for diversity jurisdiction purposes.

6. Because Plaintiffs are citizens of Louisiana, Amazon.com Sales, Inc. is a citizen of Delaware and Washington, and Amazon.com Services LLC is a citizen of Delaware and Washington, complete diversity of citizenship exists, and removal is proper.

**B.      The Amount in Controversy Exceeds $75,000**

7. "[W]hen a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations omitted).

8. Here, although Plaintiffs' state court Petition does not specify an exact amount of damages, the Petition seeks various and extensive damages for multiple alleged injuries, including damages for various personal injuries to Mr. Richards and one of the minor children, damages for extensive property damage to the home located at 10811 Rainer Avenue in Baton Rouge (the "Property") and to items of personal property located therein, damages for lost rental income associated with two "themed AirBnB rooms" at the Property, a refund of the sale price for the electric bicycle, exemplary damages, attorney's fees, and "[a]ny other damages proven at a trial of this matter." *See* Petition at ¶ 56.

PD.53485927.2

9. The state court Petition alleges that, "[s]uddenly and without warning, the Product spontaneously combusted, sending individual battery cells flying across the room one at a time, causing smaller individual fires upon landing." Petition at ¶ 19. "Although Mr. Richards was able to extinguish the fire before it consumed the entire home, the fire caused substantial damage to the Property, including widespread smoke damage needing remediation, and caused a total loss to many items of personal property." Petition ¶ 21. "Minor child KEYD, who suffers from asthma, was forced to seek medical treatment, including but not limited to an emergency replacement of medication destroyed in the fire." Petition ¶ 22. "Mr. Richards also experienced burns on his body, including but not limited to burns on the bottom of his feet and on his stomach, while attempting to extinguish the fire caused by the Product." Petition ¶ 23.

10. Further expounding on the extent of their alleged damages, Plaintiffs additionally allege as follows: "As a result of the fire caused by the defective Product, Petitioners sustained fire damage to the floor, walls and ceilings of the Property; smoke damage through multiple rooms of the residence and the HVAC system; loss and destruction of furniture, clothing, shoes, and personal belongings; costs of professional cleaning; smoke remediation and home repair; loss of use and enjoyment of the home; loss of AirBnB income; emotional distress; physical damages to their persons; and inconvenience and disruption to daily life." Petition at ¶ 43. Plaintiffs also allege that they "suffered physical and mental damages, including those damages to the Property, as well as ongoing financial loss and unfavorable AirBnB reviews as a result of the damaged Property." Petition at ¶ 28.

11. Plaintiffs' claimed damages under the Louisiana Product Liability Act ("LPLA") alone exceed $75,000. Plaintiffs allege that they are entitled to special damages, to replace and repair property damaged by the product, as well as economic loss caused by the damage to that

property, and general damages for pain and suffering caused by physical injury. *See Chevron USA, Inc. v. Aker Maritime, Inc.*, 2010 WL 1660092 (5th Cir. April 27, 2010) (where the court explained that the LPLA, not Louisiana's law of redhibition, was the method of recovering for damaged property, other than the allegedly defective product, and the economic loss occasioned by the loss of use of that other property). The damages under the LPLA claim would include loss of specific personal property and AirBnB income. Plaintiffs also claim damages for the damaged Property itself, which is assessed at the value of $171,000 on the East Baton Rouge Parish Assessor's website. *See* Exhibit B – True and accurate copy of 10811 Rainier Avenue's property assessment, which contains a description of the Property's assessment report, including its assessed market value at the bottom table of the report (accessed on September 25, 2025, at https://eastbatonrouge.smartcama.com/Assessments/Search); *see also Murchison Cap. Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 (5th Cir. 2015) (where the court clarified that a district court may take judicial notice of public records to assess whether the amount-in-controversy requirement is met). Repairing and refurbishing the "floor, walls, and ceiling of the Property" and the "smoke damage through multiple rooms of the residence and HVAC system" would all fall under the LPLA claim. The claimed personal injury damages, moreover, add to Plaintiffs' demand for special and general damages.

12. Further evidencing that these extensive alleged damages exceed $75,000 is the fact that counsel for Plaintiffs has refused to stipulate that the amount-in-controversy is less than $75,000. *See Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006) (noting that plaintiff's refusal to stipulate is one factor that the court considers in determining whether the amount in controversy exceeded $75,000 at the time of removal). Undersigned counsel inquired whether Plaintiffs' counsel would stipulate that the amount-in-

PD.53485927.2

controversy is less than $75,000, and Plaintiffs' counsel affirmatively responded via e-mail that they "will not be moving forward with the stipulation." A true and accurate copy of this e-mail correspondence is attached and incorporated hereto as Exhibit C.

13. Although Plaintiffs' Petition does not demand a specific dollar amount in damages, the foregoing allegations and the preponderance of evidence demonstrate that the amount in controversy exceeds $75,000.

14. By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiffs are entitled to any damages.

### III.    CONSENT

15. The only two defendants in this action, Amazon.com Sales, Inc. and Amazon.com Services LLC, have jointly filed this Notice of Removal. Therefore, no further consent is required.

### IV.    THIS FILING IS TIMELY

16. Amazon was formally served on August 27, 2025, and is provided 30 days in which to remove Plaintiffs' Petition to federal court. *See* 28 U.S.C. § 1446(b). Amazon filed this Notice of Removal within the 30-day window; therefore, its filing is timely.

### V.    VENUE OF REMOVED ACTIONS

17. The Middle District of Louisiana is the United States District Court for the district embracing the state court where this action was filed and is pending. Venue is, therefore, proper in this Court under 28 U.S.C. § 1441(a).

### VI.    NOTICE TO THE STATE COURT

18. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiffs and will be filed with the Clerk of Court for the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, as required by 28 U.S.C. § 1446(d).

6

PD.53485927.2

## VII.    NON-WAIVER OF DEFENSES

19.    Amazon expressly reserves all of its defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law.  Amazon expressly reserves the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit.

**WHEREFORE**, Defendants Amazon.com Sales, Inc. and Amazon.com Services LLC pray that this Notice of Removal be accepted as good and sufficient, and that the aforementioned state court action entitled "*Randy Richards and Shuntia Smith, Individually and as a Representative of Minor Children KD and KEYD*," bearing Docket No. C-767144 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed to the United States District Court for the Middle District of Louisiana for further proceedings as provided by law.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Jeremy T. Grabill*

Jeremy T. Grabill (LA Bar #34924)
Patrick M. Judd (LA Bar #40415)
Brendan J. Besh (LA Bar #40280)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:   jeremy.grabill@phelps.com
              patrick.judd@phelps.com
              brendan.besh@phelps.com

**ATTORNEYS FOR DEFENDANTS
AMAZON.COM SALES, INC. AND
AMAZON.COM SERVICES, LLC**

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, a true and correct copy of the foregoing Notice of Removal was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  A copy of the foregoing Notice of Removal was also served upon Plaintiffs' counsel via email.

*/s/ Jeremy T. Grabill*

8

PD.53485927.2