**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RANDY RICHARDS, ET AL.**

**VERSUS**

**AMAZON.COM SALES, INC. ET AL.**

**CIVIL ACTION**

**No. 25-861-JWD-SDJ**

---

## ORDER

Before the Court is a Motion to Intervene (R. Doc. 8) filed by Janae A. Torrence, Galen M. Hair, and the law firm of Hair Shunnarah Trial Attorneys d/b/a Insurance Claim Lawyers, Inc. d/b/a Insurance Claim HQ. Intervenors request this Court grant them leave to file a Complaint for Intervention for attorneys' fees and costs associated with their prior representation of Plaintiffs Randy Richards, Shuntia Smith, and Shuntia Smith on behalf of KD and KED, related to the incident at issue in this matter. The Motion is unopposed.

### I.     Background

Randy Richards and Shuntia Smith, individually and as representatives of her minor children KD and Keyed, filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge on August 19, 2025. (R. Doc. 1-1). Plaintiffs alleged that an electric bicycle purchased from Amazon combusted, creating fires within their home, causing property damage and personal injury. (R. Doc. 1-1). Defendants removed the case to the Middle District of Louisiana on September 26, 2025. (R. Doc. 1). Amazon.com Sales, Inc., and Amazon.com Services LLC filed a Motion to Dismiss for Failure to State a Claim on December 17, 2025. (R. Doc. 7). Intervenors filed their Motion to Intervene on December 17, 2025. (R. Doc. 8).

Intervenors aver that by virtue of the contingent fee agreement entered into between them and Plaintiffs, and pursuant to Louisiana Revised Statute § 37:218, they have acquired an interest in the cause of action asserted by Plaintiffs against Amazon.com Sales, Inc. and Amazon Service, LLC. Plaintiffs terminated the representation of Intervenors, and Inventors have filed a motion seeking to withdraw and for Jessica M. Natal of Moisant Law Firm, to remain as counsel of record for Plaintiffs in this matter. (R. Doc. 5). Intervenors spent costs, time, and effort in pursuing the case. Intervenors aver they are entitled to reimbursement of all costs and attorneys' fees. (R. Doc. 8). Intervenors argue that the disposition of this action without this intervention will or may, as a practical matter, impair or impede Intervenors' ability to protect their interest. Intervenors' interests cannot be adequately represented by the existing parties. Intervenors also state that since there are no deadlines currently set in this matter, intervention will not unduly prejudice any of the parties involved. Intervenors reached out to all opposing parties, and none objected to this intervention.

## II.      Law and Analysis

Fed. R. Civ. P. 24 affords a non-party the ability to intervene in a proceeding to preserve or assert a right in that proceeding. A non-party may intervene as a matter of right if, on timely motion, the court concludes that the would-be intervenor "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated as disposing of the action may impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24. Courts have applied four elements in assessing whether the second of the above applies: (1) timeliness, (2) an interest in the subject matter of the litigation, (3) impairment of the applicant's interest if it is not allowed to intervene, and (4) inadequate representation of that

interest by existing parties. *See Adam Joseph Res. v. CNA metals, Ltd.*, 919 F. 3d 856 (5th Cir. 2019); *See also Edwards v. City of Houston,* 78 F. 3d 983, 999 (5th Cir. 1996).

### A.        Timeliness of the Motion

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but is to be determined from all the circumstances." *Stallworth*, F.2d at 263. The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross*, 426 F.3d 745, 754 (5th Cir. 2005. While these factors give structure to the timeliness analysis, the analysis is contextual and should not be used as a "tool of retribution to punish the tardy would-be intervenor, but rather [should serve as] a guard against prejudicing the original parties by the failure to appear sooner." *Id.*

Here, Intervenors filed their Motion to Intervene less than three months after the Notice of Removal and on the same day that Defendants filed their Motion to Dismiss. Therefore, Intervenors petitioned to intervene shortly after they should have known of their interest in this case. As such, the Court considers Intervenors' motion as timely.

### B.      An Interest in the Subject Matter of the Litigation

Fed. R. Civ. P. 24(a) does not require "that the movant ***establish*** an interest in the litigation[; r]ather, it only requires that movant ***claim an interest*** in the litigation." *Murtagh v. Americas Ins. Co.,* No. CV 19-1762, 2020 WL 13563170, at *2 (E.D. La. Aug. 26, 2020) (emphasis in original). In assessing whether Intervenors have adequately claimed an interest, the proposed complaint must be construed liberally in favor of Intervenors and this Court must accept as true the well pleaded allegations. *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on Apr. 20, 2010,* No. 2179, 2016 WL 4261762, at *4 (E.D. La. Aug. 12, 2016) (citations omitted). The Fifth Circuit has held in numerous instances "that a discharged lawyer with a contingent fee agreement . . . ha[s] an 'interest' for purposes of intervention."[1] Thus, at this pleading stage, Intervenors have adequately claimed that they possess an interest in this action. *See Chisesi v. State Farm Mut. Auto. Ins. Co.,* No. CV 09-7022, 2010 WL 11549559, at *1-2 (E.D. La. Aug. 11, 2010). "[T]o recover from his former client, recordation is not required for the attorney to maintain a privilege on any compromise or settlement funds." *Francis v. Hotard,* 2000-0302 (La. App. 1 Cir. 3/30/01), 798 So. 2d 982, 985, *writ not considered, 2001*-1323 (La. 6/22/01), 793 So. 2d 1263.

### C.      Impairment of the Applicant's Interest If Not Allowed to Intervene

The Fifth Circuit has held that a discharged firm moving to intervene to protect its interest in the client's recovery demonstrates impairment because "the discharged firm would have . . . to

---

[1] *CNA Metals*, 919 F.3d at 866-67 (5th Cir. 2019) (citing *Valley Ranch Dev. Co. v. F.D.I.C.*, 960 F.2d 550, 556 (5th Cir. 1992)) ("[A] discharged lawyer with a contingent fee agreement does have an 'interest' for purposes of intervention."); *Keith v. St. George Packing Co.*, 806 F.2d 525 (5th Cir. 1986) (attorney entitled to intervene as of right to protect contingent fee interest); *Skinner v. Weslaco Indep. Sch. Dist.*, 220 F.3d 584 (5th Cir. 2000) (Table) (applying *Gaines* to find that a discharged lawyer who has a contingency fee interest "clearly possesses an interest in the subject of the underlying action" for purposes of Rule 24).

initiate a subsequent action to collect the fees allegedly generated in the existing litigation." *United States v. Texas E. Transmission Corp.*, 923 F. 2d 410, 416 (5th Cir. 1991). As such would be the case here, Intervenors would be impaired were intervention denied.

### D.    Inadequate Representation of Interest by Existing Parties

As the Plaintiffs have not yet paid Intervenors, and Defendants have not responded to the Motion to Intervene, it is not apparent the parties would adequately represent Intervenors' interests. As all the above elements are met, this Court grants the Motion, and permissive intervention will not be explored.

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that the Motion to Intervene (R. Doc. 8) is **GRANTED.**

**IT IS HEREBY FURTHER ORDERED** that Janae A. Torrence, Galen M. Hair, and the and the law firm Hair Shunnarah Trial Attorneys d/b/a Insurance Claim Lawyers, Inc. d/b/a Insurance Claim HQ are permitted to intervene in this cause of action.

**IT IS FURTHER ORDERD** that the Complaint for Intervention (R. Doc. 8-1) be filed into the record and be answered within the time delays permitted by law.

Signed in Baton Rouge, Louisiana, on April 20, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**